### IN re JR. FOOD MART OF ARKANSAS, INC.

### Bankruptcy No. 90–50419S.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 29, 1993.

---

Barbara Bonds, Little Rock, AR, for W.T. Paine.

Steven Durand, Rose Law Firm, Little Rock, AR, for debtor.

Martha Jett McAlister, Little Rock, AR, for unsecured creditors committee.

## ORDER DENYING MOTION FOR APPROVAL OF SUBSTITUTION OF DIRECTOR

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon W.T. Paine's "Motion for Substitution of Director" filed on October 8, 1993, to which a response was filed by the debtor on November 2, 1993. A Supplemental Statement in Support of Motion for Approval of Substitution of Director was filed by W.T. Paine on November 22, 1993. The motion requests that the Court approve the substitution of one person currently serving on the debtor's board of directors for another named person.

■ The Bankruptcy Code envisions very limited jurisdiction over a Chapter 11 case after confirmation of the plan. The purpose of post-confirmation jurisdiction is essentially and necessarily limited to protecting the order confirming the plan and preventing interference with the execution of the plan. A court retains jurisdiction over post-confirmation matters in a Chapter 11 case only to the extent provided in the plan. *In re Johns–Manville Corp.,* 7 F.3d 32 (2d Cir. 1993). Jurisdiction is further limited to those matters which will in fact affect the administration of the Chapter 11 plan. *See generally In re Cary Metal Products, Inc.,* 152 B.R. 927 (Bankr.N.D.Ill.1993). Further, even where jurisdiction exists over a post-confirmation matter, related to the bankruptcy case, the bankruptcy courts generally find it more appropriate to abstain in favor of state court proceedings. *See, e.g., Eubanks v. Esenjay Petroleum Corp.,* 152 B.R. 459, 465 (E.D.La.1993).

■ The plan in this Chapter 11 case was confirmed by Order filed on September 11, 1992. Paragraph 9 of the Order provides for retention of jurisdiction only for certain matters, none of which involves appointing or approving a particular person to sit on the board of directors. The mere fact that the plan names the persons sitting on the board of directors and states their terms is not a reason for the Court to involve itself in the corporate governance of a debtor whose plan of reorganization has been confirmed. *See Cary Metal Products,* 152 B.R. at 932 ("Once a plan has been confirmed, a bankruptcy court's post-confirmation jurisdiction contracts, liberating the participants to go about their business without further bankruptcy court supervision or approval. *See* 11 U.S.C. § 1411."). If and when a dispute arises as to whether a particular individual may be a director of the corporation, the state courts stand ready to resolve that state law issue. It is

**ORDERED** that the "Motion for Substitution of Director" filed on October 8, 1993, is **DENIED.**

**IT IS SO ORDERED.**